524

In the Matter of HARVEY R. RUBENSTEIN, Petitioner, v. THOMAS THACHER, as Superintendent of Insurance of the State of New York, Respondent.—

With respect to the principal charge of "fronting"—the sale of insurance in New York by a nonresident insurer, making use of a resident insurer as a "front"—the basis of the Superintendent's determination is unclear, especially since no administrative proceeding was brought against the resident insurer. Neither the findings nor the briefing in this judicial proceeding disclose what principles or standards of law, or applicable regulations, are relied upon in condemning the activities charged to petitioner. The distinction between unauthorized doing of an insurance business in the State and authorized reinsurance by an out-of-State carrier of contracts written within the State is not discernible from the record. Since the insurance business involved is the writing of bail bonds, the same consideration may not be given to the establishment of reserves out of premiums and the determination of loss ratio as in the case of true forms of insurance. So, too, it is not made clear what violation of law or departmental regulation is involved in the extensive supervision and control by the nonresident reinsurer of the bail-bond writing in New York, especially since the reinsurer bore 80% of the risk. Nor is it indicated how the potentiality for harm inhered in the practices in which petitioner participated, either for competitive insurers in New York or for the public. It may well be, however, that the Superintendent is in a position to make a better record or better findings to express the principles he applies and thus permit of proper judicial review of the ultimate determination. Or it may be that the charge of "fronting" is merely a superficial epithet which does not in fact relate to conduct inimical to competitive insurers in New York or to the public. Indeed, the findings of fact show that the conduct most closely related to the "fronting" charge is superficially, at least, comprehended within the reinsurance agreement which the department had approved. Apart from the principal charge there is no basis for upsetting the determination of the Superintendent. However, if for any reason the principal charge is not supportable, the sanction imposed may be excessive within the meaning of subdivision 5-a of section 1296 of the Civil Practice Act. That phase of the matter is not now considered or determined. It may be too that the Superintendent, in the exercise of his discretion, would not impose the sanction of revocation upon further consideration, upon a rejection of the principal charge. In any event, these circumstances, as well as those earlier mentioned, require a remand of the proceedings to the Superintendent for all purposes. Concur — Botein, P. J., Breitel and Stevens, JJ.; McNally and Steuer, JJ., dissent in the following memorandum by McNally, J.: I dissent and vote to confirm. The findings of the Superintendent to the effect that the petitioner, as the New Jersey resident vice-president of Summit Fidelity and Surety Company (a nonadmitted Ohio insurer), and as attorney in fact for Citizens Casualty Co. of New York (a New York licensee), had enabled Summit to engage in bail-bond business in New York through the device of a so-called reinsurance contract (cf. Insurance Law, § 112, subd. 1) were amply supported by substantial evidence. Further, the misconduct of petitioner in failing to notify Summit and Citizens of Shapiro's intention to terminate and refusing to return unused powers of attorney after his termination was also established. The revocation

of petitioner's nonresident broker's license was based on culpable misconduct and in my opinion the determination of the Superintendent should be confirmed and the petition dismissed.